# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ISAIAH MARIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 4:19-CV-2864 RLW |
| ) | |
| JANE/JOHN DOE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Isaiah Marin's motion for extension of time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5). For the reasons discussed below, the motion will be granted.

### Discussion

On October 21, 2019, plaintiff, an inmate at Potosi Correctional Center ("PCC"), filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The Court dismissed the case without prejudice on May 22, 2020.

On July 3, 2020, plaintiff filed the instant motion by placing it in the prison mailing system at PCC in Mineral Point, Missouri. In support of his motion, plaintiff states that he was unable to timely file his notice of appeal because he could not get permission to send out his mail from the property room in a timely manner.

In a civil case, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). As noted, plaintiff's case was dismissed on May 22, 2020. Plaintiff's notice of appeal was therefore due no later than June 21, 2020[1].

---

[1] However, because June 21, 2020 fell on a Sunday, the actual due date to the Court for the notice of appeal was Monday, June 22, 2020.

Under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, this Court may extend the time for filing a notice of appeal if the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and if the "party shows excusable neglect or good cause." "No extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). The United States Court of Appeals for the Eighth Circuit has counseled that pro se appellants may be given "special consideration . . . regarding their notices of appeal." *Weekley v. Jones*, 927 F.2d 382, 386 (8th Cir. 1991).

Assuming that plaintiff placed his motion for extension of time in the prison mail system on July 3, 2020, the date noted on the motion, then his motion was timely filed under Rule 4(a)(5)(A). Although pro se status, in and of itself, is not enough to confer excusable neglect, plaintiff states that he was unable to file his notice of appeal in a timely manner because he was not timely summoned to the property room to mail out his notice of appeal even though he sought permission to do so on several occasions as early as June 17, 2020. Thus, plaintiff claims that it was not until June 22, 2020 that he was finally summoned to the property room to mail his notice of appeal. As noted above, filing the notice of appeal on this date would have made the notice timely filed; however, the notice of appeal has not yet been filed by plaintiff.

The Court finds that plaintiff has shown good cause for failing to file his notice of appeal in a timely manner. As such, the Court will grant plaintiff's motion for extension of time to file his notice of appeal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time to file a late notice of appeal [Doc. #11] is **GRANTED**. *See* Fed. R. App. P. 4.

2


**IT IS FURTHER ORDERED** that plaintiff shall file his notice of appeal no later than July 24, 2020[2].

Dated this 10th day of July, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] "No extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Thirty (30) days after June 22, 2020 results in a due date of Wednesday, July 22, 2020. However, fourteen (14) days after the date of this Order results in a due date of Friday, July 24, 2020.